WALTER ALDERSON, Respondent, v. G. A. AUERSWALD, Appellant.

### St. Louis Court of Appeals, May 2, 1899.

**Slander:** IMPUTING CRIME OF PERJURY: MATERIALITY OF TESTIMONY. As there can be no imputation of perjury except as to material testimony, it follows that the charge in plaintiff's petition, which the evidence in this record shows referred to his testimony as to a matter wholly immaterial to the issue in the case where it was given, does not contain the necessary elements of slander by an oral charge of perjury. Held, that the trial court should have sustained defendant's demurrer to the evidence.

*Appeal from the Jefferson Circuit Court.*—HON. JAMES F. GREEN, Judge.

REVERSED.

BOOTHE & BERKELEY and E. J. BEAN for respondent.

If the alleged false evidence forms an apparent link in the chain of evidence and tends to prove the issue, or tends to support and give credit to a witness in respect to the main fact, it is sufficient. State v. Warfield, 73 Mo. 549; State v. Day, 100 Mo. 242; Greenl. on Ev. [15 Ed.], par. 195. However, said ordinances of the city of De Soto, authorizing killing of dogs are constitutional. Carthage v. Rhodes, 101 Mo. 175. The safety of the citizens is the paramount law. The destruction of dogs found running at large under certain exigencies, as during epidemics of hydrophobia when the safety of the public is thereby endangered, by virtue of ordinances authorizing their destruction is the exercise of the police powers of the state, and all such ordinances are constitutional. Carthage v. Rhodes, 101 Mo. 175; Fairbault v. Wilson, 25 N. W.

Rep. (Minn.) 449. Appellant failed to save an objection to the trial court's refusal to give his instruction on exemplary damages (set out in abstract of appellant page 14) in his motion for a new trial (see motion on page 17 of appellant's abstract) hence the court's refusal to give said instruction can not be reviewed by the appellant court. Engine Co. v. Glazier, 65 Mo. App. 616. Where slanderous words are spoken falsely the law will imply malice. Buckley v. Knapp, 48 Mo. 152; Callahan v. Ingraham, 122 Mo. 369; Hall v. Adkins, 49 Mo. 144. In this state exemplary damages may be recovered upon implied malice alone. Buckley v. Knapp, 48 Mo. 152; Callahan v. Ingraham, 122 Mo. 371; Clements v. Maloney, 55 Mo. 359. The case of Callahan v. Ingraham above cited overrules all cases cited by appellant to contrary as far as they apply to actions for slander.

JOHN L. THOMAS & SON and C. H. KLEINSCHMIDT for appellant.

These ordinances and proclamation specifically require that the dog should have been muzzled, tied or chained up, and as the dog in question was confessedly neither muzzled, chained nor tied, the respondent was authorized to kill it, even in the yard of the owner, and in that case it was immaterial whether he whistled the dog out of the yard or not. If the ordinances authorizing the killing of dogs be unconstitutional, which we claim they are, the respondent had no right to kill the dog anywhere or in any event, and in that case it was perfectly immaterial whether the respondent whistled to the dog, or not. Townsend on Slander and Libel, sec. 171. The ordinances are unconstitutional and void for these reasons: That they authorize the destruction of private property without due process of law in violation of section 30, article 2, of the constitution of Missouri. Lowry v. Rainwater, 70 Mo. 152; River Rending Co. v. Behr, 77 Mo. 91. The attorney really misstated what the law was in defiance of the court's ruling

and the only way to remedy the error and to prevent a reoccurrence of the same thing is to grant a new trial to the party who lost his case by such methods. Dean v. Chandler, 44 Mo. App. 338, 343, 344; McDonald & Co. v. Cash & Hainds, 45 Mo. App. 66, 79, 80; Churchman v. Kansas City, 49 Mo. App. 371 372; Evans v. Trenton, 112 Mo. 390-405; Sidekum v. Railway, 93 Mo. 400.

BOND, J.—Under certain ordinances of the city of De Soto its mayor is empowered to issue a proclamation requiring its citizens to muzzle or tie up all dogs owned by them, or in their possession, for a time specified, and in default of compliance with such proclamation it is made the duty of the marshal of said city to kill any dog running at large not muzzled. Harry Skewes sued the city, its mayor, and its marshal, for the killing by the latter of an unmuzzled dog. In speaking of the testimony of the marshal on the trial of which action defendant used the following language: "Alderson, the God-damned big-bellied son of a bitch, swore a lie; he knows that he went up there to kill that dog, and he whistled him out and shot him," whereupon the said marshal brought the present action for slander alleging that the words in question imputed to him the crime of perjury. Defendant admitted the speaking of the words, denied that they were uttered maliciously, and averred that the testimony of plaintiff given at the trial of the action for the killing of the dog and referred to in said language, was false and untrue. There was a trial and judgment for $100, actual, and $100 punitive damages, from which defendant appealed.

In the suit against the city and its officials for the killing of the dog the fact was admitted, and the ordinances of the city and the proclamation of its mayor in pursuance thereto, were pleaded in justification. It is clear, therefore, that the question of law thus raised was the only matter in dispute, and that the inquiry as to whether the marshal lured the unmuz-

Alderson v. Auerswald. .

zled and unchained dog within reach of his gun by whistling, was wholly immaterial and collateral to the question for decision. The proclamation of the mayor, after referring to the fact that mad dogs, which had bitten others, had been killed in the city, required all persons owning or having possession of dogs to "muzzle such dogs, or keep them chained, for a period of thirty days." It is plain that a dog which was neither chained nor muzzled was kept in violation of this proclamation whether the dog was running loose on the premises of the owner or on the streets and alleys of the city, and it is equally plain that there would be as much danger to persons coming within the yard where such dog was unconfined, as if they had met the dog outside of the yard. If the ordinance and proclamation of the mayor, which were aimed at the destruction of mad dogs, were valid, it was the duty of the marshal to kill all unconfined and unmuzzled dogs within the limits of the city during the time specified in the proclamation. The performance of this duty was not made to depend in any respect upon the method adopted by him to bring the dogs, obnoxious to the law, within reach of a destructive agency. It was his duty to kill such animals wherever found and to adopt any suitable means for that purpose. As there can be no imputation of perjury except as to material testimony, it follows that the charge in plaintiff's petition, which the evidence in this record

IMMATERIALITY. shows referred to his testimony as to a matter wholly immaterial to the issue in the case where it was given, does not contain the necessary elements of slander by an oral charge of perjury which was the cause of action alleged in the petition, and hence the learned trial judge should have sustained defendant's demurrer to the evidence. For his failure so to do, the judgment herein is reversed. All concur.